**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARILYN ELAINE BRUGUERAS | ) | Case No. 11-17803-BFK |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| MARILYN ELAINE BRUGUERAS | ) | |
| | ) | Adversary Proceeding No. 12-01073-BFK |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TIDEWATER FINANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the parties' cross-motions for summary judgment. Docket Nos. 24-26. The parties have filed an agreed Statement of Undisputed Facts. Docket No. 23. The Defendant has filed a Reply Memorandum. Docket No. 28. For the reasons stated below, the Court finds for the Plaintiff.

**Findings of Fact**

The Court accepts the parties' Statement of Undisputed Facts, and incorporates them herein. The Court summarizes the Statement of Undisputed Facts as follows:

1.  On May 20, 2011, the General District Court of Prince William County entered a Judgment against the Debtor, in favor of Tidewater Finance, in the amount of $9,885.92.

2.   On June 7, 2011, Tidewater Finance filed a Suggestion for Summons in Garnishment against the Debtor, seeking to garnish the Debtor's wages with the City of Alexandria.

3.   The City withheld from the Debtor's wages a total of $3,074.64. Of this amount, $576.50 was earned by the Debtor outside of the 90 days before she filed her bankruptcy petition. The balance of $2,498.14 was earned within the 90 days.

4.   The Debtor filed her bankruptcy petition under Chapter 7 of the Bankruptcy Code on October 28, 2011.

5.   The return date of the garnishment was November 15, 2011. On that date, Tidewater appeared in the General District Court and received the sum of $3,074.64.

6.   On May 14, 2012, the Debtor filed an Amended Schedule C, claiming an exemption in the wages she had earned from the City.

7.   The Debtor did not file a Homestead Deed either before the November 15, 2011, return date in the General District Court, or within five days of her first meeting of creditors in the bankruptcy case.

8.   Tidewater refunded $38.44 to the Debtor on June 21, 2012, representing the funds that were earned by the Debtor on the petition date and withheld by the City of Alexandria.

**Conclusions of Law**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference from the U.S. District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning administration of the estate), (F) (proceedings to determine, avoid or recover preferences), and

(G) (motions to terminate, annul or modify the automatic stay). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056. The moving party has the initial burden of showing that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). When the moving party has met its initial burden, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Whether a fact is material or not depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* In this case, the facts are stipulated and the parties agree that the matter is appropriately decided on summary judgment.

**I.   Bankruptcy Code Section 522(f) (11 U.S.C. § 522(f)).**

Bankruptcy Code Section 522(f)(1) allows a debtor to avoid "the fixing of a [judicial lien, other than one that secures a debt specified in section 523(a)(5),] on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled to under subsection (b) of this section." 11 U.S.C. § 522(f)(1)(A). The Plaintiff's Complaint in this adversary proceeding did not specifically request an avoidance of Tidewater Finance's lien pursuant to Section 522(f)(1). *See* Docket No. 1. However, the Court can allow an amendment of the pleadings at any stage, to conform to the evidence. Fed. R. Bankr. P. 7015 (incorporating Fed. R. Civ. P. 15(b)(1)). The Court finds that permitting an amendment of the

3

pleadings to state a claim under 11 U.S.C. § 522(f)(1) will aid in presenting the merits of the case. Further, allowing such an amendment is not prejudicial to the Defendant.

    A. *The Debtor Retained an Interest in the Property, as of the Petition Date*

While avoidance actions pursuant to Sections 522(f) and (h) of the Bankruptcy Code are specific to bankruptcy law, garnishments arise under State law. In Virginia, garnishment "is the process by which a judgment creditor may enforce the lien of his writ of fieri facias against any debt or property due his judgment debtor that is held by a third party, the garnishee." *Marcus, Santoro & Kozak, P.C. v. Hung-Lin Wu*, 274 Va. 743, 753 (2007) (citing Va. Code § 8.01-511(A)). "A garnishment summons does not create a lien itself, but, instead, is a means of enforcing the lien of an execution placed in the hands of an officer to be levied." *Id.* at 753-54 (quoting *Network Solutions, Inc. v. Umbro Intern., Inc.,* 259 Va. 759, 768-69 (2000)).

Tidewater Finance argues that its garnishment summons attached to the Debtor's wages as they were earned by the Debtor, a proposition about which there is no real dispute. *See In re Wilkinson,* 196 B.R. 311, 319 (Bankr. E.D. Va. 1996) ("In the case of wages, this means that, although the employer may have been served with a garnishment summons, the execution lien does not attach – and thus a transfer does not occur – until the wages are actually earned.") Tidewater Finance extrapolates from this proposition that the Debtor's "earnings for that day were transferred to Tidewater and those transfers were complete at the end of each working day as a matter of federal law." Tidewater Finance Mem., p. 4. This is simply an inaccurate statement of the law.

In *U.S. v. Whiting Pools, Inc.,* the Supreme Court held that property that had been seized by the IRS, but not yet sold to satisfy the government's tax lien, remained property of the estate, and was subject to the trustee's turnover powers under Section 542(a). 462 U.S. 198 (1983).

*Whiting Pools* stands for the proposition that, notwithstanding the imposition of a lien, or the seizure of the Debtor's property, pre-petition, the Debtor retains an interest in the property until he or she is indefeasibly divested of title under applicable non-bankruptcy law.

In *Wilkinson*, a case in which the Order of Payment was entered, and the garnished wages were paid over to the creditor, pre-petition, Judge Mitchell of this Court held as follows:

> Here, the debtor no longer had an interest in the withheld wages when he filed for bankruptcy relief, since they had been paid over to the judgment creditor more than six weeks earlier. Had the order for payment not yet been entered, however—in other words, had the bankruptcy filing intervened before the withheld wages were paid over to the judgment creditor—the result would have been very different. Even if the wages withheld were entirely earned after the execution lien arose, the debtor would nevertheless have had an "interest" in the wages as they were earned that would entitle him to avoid the execution lien. *In re Johnson*, 53 B.R. 919 (Bankr.N.D.Ill.1985) (judgment debtor continues to have an interest in wages being withheld pursuant to a valid wage deduction proceeding until such time as a final deduction order is entered); *General Motors Acceptance Corporation v. Garcia (In re Garcia)*, 155 B.R. 173, 175 (N.D.Ill.1993) ("[A]lthough the garnishment summons creates a lien on the debtor's wages, it does not divest the debtor of his or her interest in the wages ... [U]ntil the court enters the wage deduction order, the debtor maintains an interest in those wages"). This is particularly true in Virginia, since, as noted above, the funds withheld in obedience to the garnishment summons may be exempted up until an order for payment is entered.
> . . .
> If the bankruptcy petition is filed *before* the order of payment is entered in the garnishment proceedings, an individual debtor may (to the extent of his available exemptions) claim the funds withheld as exempt and avoid the fixing of the execution lien under Sec. 522(f).

196 B.R. at 317, 322 (emphasis in original).

In the instant case, the property was either in the possession of the City of Alexandria or with the General District Court, as of the date of the Debtor's bankruptcy filing. An Order of Payment had not yet been entered. The Debtor retained an interest in the property, as of the date of the filing. Specifically, at the time the petition was filed, the Debtor retained the right to exempt the property as a matter of State law, up until the time that the Order of Payment was

entered by the State Court. The transfer of the property to Tidewater was not complete at the time that the Debtor earned the wages, as suggested by Tidewater Finance.

*B. The Debtor Need Not Have Claimed an Exemption in the Property*

Tidewater Finance further argues that the Debtor cannot avoid its lien in the property because the Debtor never filed a Homestead Deed. The Debtor responds by arguing, first, that she amended her Schedule C, and no objections were filed within the 30 days provided by Bankruptcy Rule 4003(b). *Taylor v. Freeland & Kronz,* 503 U.S. 638 (1992).[1]

Second, the Debtor argues that a Homestead Deed is unnecessary, because under the recent Fourth Circuit case of *Botkin v. Dupont Community Credit Union* (*In re Botkin)*, the Debtor need not actually claim an exemption in order to avoid a judicial lien under Section 522(f). 650 F.3d 396, 400 (4th Cir. 2011) ("we conclude that the Code plainly provides that debtors need not claim an exemption as a precondition of avoiding a lien that the debtor contends impairs the exemption"). Whatever the merits of the first argument under Rule 4003(b), the second argument under *Botkin* is, in the Court's view, inarguably correct.

Tidewater Finance attempts to distinguish *Botkin* in a number of ways, all of which are unavailing. First, Tidewater Finance argues: "Ms. Botkin actually recorded a timely homestead deed in the county in which she presumably resided. Brugueras wholly failed to do so." Tidewater Finance Reply Mem., p. 9. This, though, is a legal sleight of hand. It is true that Ms. Botkin timely filed a homestead deed. However, she did not claim any equity in her residence in that homestead deed (not surprisingly, as there wasn't any equity in the property at the time). The effect of not claiming a homestead exemption in the real property in *Botkin* is precisely the

---

[1] Tidewater Finance argues that the *Taylor* case "does not apply to Brugueras because Virginia has opted out of the federal exemption scheme." Tidewater Finance Reply Mem., p. 6. The *Taylor* case is the Supreme Court's authoritative interpretation of Bankruptcy Rule 4003(b), and is binding on this Court, whether state or federal exemptions are involved.

same as Ms. Brugueras's failure to timely file a homestead deed at all in this case. In either event, the property in question was not set aside in a homestead deed.

Second, Tidewater Finance argues that Ms. Botkin "was prohibited from claiming an exemption in her residence on her timely filed homestead deed by Virginia Code Ann. § 34-5." Tidewater Finance Reply Mem., p. 9. This too is a misreading of *Botkin*. The Fourth Circuit's footnote 1 in *Botkin* stated: "we do not address the effect of Virginia Code § 34-5." *In re Botkin*, 650 F.3d at n.1. Its footnote 4, again dealing with Virginia Code § 34-5, noted that claiming an exemption in the home "was not an option for Botkin," as Virginia Code § 34-5 prohibits a debtor from claiming an exemption against debts "for the purchase price of such property or any part thereof." *Id.* at n.4 (quoting Va. Code § 34-5). In using the phrase "against debts" for the purchase price of such property, etc., the Fourth Circuit was referring to the claim of an exemption as against the beneficiary of the deed of trust, not as against the Trustee or the creditors in the bankruptcy case. *See id*. If Tidewater Finance's argument under Va. Code § 34-5 were correct, then debtors in Virginia would *never* be able to claim a homestead exemption, nor to avoid judicial liens, in their residences pursuant to Section 522(f). This clearly is not the law.

Moreover, if Va. Code § 34-5 prohibited the Debtor from claiming the exemption, then Ms. Botkin should have lost her case. She didn't, she won. Clearly, the Fourth Circuit, in holding that one need not actually claim the exemption in order to avoid a judicial lien under Section 522(f), was not concerned that Va. Code § 34-5 barred the very relief it granted to Ms. Botkin.

Tidewater Finance's third argument in its effort to distinguish *Botkin* is that "[a] judicial lien on real estate and a lien on intangibles by way of a garnishment proceeding are

7

fundamentally different." Tidewater Finance Mem., p. 10.  Tidewater Finance argues that a lien on wages is "transitory" in nature, while a judicial lien on real estate is fixed.  The Court does not see how this distinction makes a difference in this case.  There appears to be no support for this "transitory" argument in the case law, and Tidewater Finance cites no cases to support this proposition.  For the purpose of avoiding judicial liens under Section 522(f)(1), there is no material distinction between a judicial lien on real estate and a writ of *fieri facias* on wages.

Finally, Tidewater Finance argues: "Even if Brugueras could have avoided the judicial lien of the summons in garnishment upon her wages without properly filing a homestead deed, she would have had to file such motion under 11 U.S.C. § 522(f)(1)(A) before the return date on the summons in garnishment, because immediately after that time her contingent right to recover her transferred wages terminated." Tidewater Finance Mem., p. 11.  Nothing in the Bankruptcy Code or Rules requires a Debtor to file a Section 522(f) motion before the return date on a garnishment.  To the contrary, as discussed in Part II, below, the automatic stay provides the Debtor with a breathing spell, and it is incumbent on the creditor to take no further action post-petition that asserts control over property of the Debtor or the estate.

For the foregoing reasons, the Court holds that the Debtor is entitled to avoid the judicial lien of Tidewater Finance in all of the wages, pursuant to 11 U.S.C. § 522(f).

   II.    **Bankruptcy Code Section 522(h) (11 U.S.C. § 522(h)).**

Bankruptcy Code Section 522(h) gives the debtor the power to:

avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of [the Bankruptcy Code] or recoverable by the trustee under section 553 of [the Bankruptcy Code]; and

(2) the trustee does not attempt to avoid such transfer.

In this case, all of the wages, other than $576.50, were earned within the 90 days preceding the bankruptcy case. Section 547(f) provides for a presumption of insolvency within the 90 days, a presumption that Tidewater Finance does not seek to rebut. The Tidewater Finance garnishment was disclosed in paragraph 4(b) of the Debtor's Statement of Financial Affairs. Bankr. Case No. 11-17803, Docket No. 16. The Debtor filed a Motion to Quash the garnishment on November 1, 2011. *Id.* at Docket No. 8. The Trustee filed his Report of No Distribution on December 21, 2011. *Id.* at Docket No. 26. Clearly, the Trustee has no interest in pursuing the avoidance of the Tidewater Finance garnishment as a preference. Section 522(h)(2), therefore, has been satisfied.

Section 522(h) contains the phrase "to the extent that the debtor *could have* exempted such property." 11 U.S.C. § 522(h) (emphasis added). This is indistinguishable from the phrase used in Section 522(f)(2)(A)(iii), that the lien impairs "the amount of the exemption that the debtor *could claim* if there were no liens on the property." (Emphasis added). The Court concludes that the Fourth Circuit's decision in *Botkin*, construing Section 522(f), is equally applicable to Section 522(h).[2]

Once again, in *Wilkinson,* Judge Mitchell held as follows:

---

[2] The case of *In re Smith*, relied upon by Tidewater Finance, is factually distinguishable. 45 B.R. 100 (Bankr. E.D. Va. 1984). In *Smith*, as in *Wilkinson*, the return date of the garnishment was November 3, 1983. *Id.* at 102. The Debtor filed her homestead deed and her voluntary petition three weeks later, on November 22, 1983. *Id.* In this case, the return date of the garnishment was post-petition. Interestingly, Judge Shelly held, 27 years before *Botkin*: "Thus, the property is exemptable under subsection (g)(1) if this Court finds that the debtor '*could have* exempted such property under subsection 522(b) of this section *if such property had not been transferred*.'" *Id.* at 106 (quoting 11 U.S.C. § 522(g) (emphasis in original)). Further, the result in *Smith* is consistent with the relief that the Debtor seeks in this case. In *Smith*, Judge Shelley held: "In summary, the Court finds that Smith is empowered under § 522(h) to avoid the transfer of wages to VNB pursuant to the writ of garnishment as a preference under § 547(b). The debtor has standing to avoid under § 522(h) because the trustee has not sought to avoid the preference and the property is otherwise exemptible under § 522(g)(1)." *Id.* at 110.

> If the bankruptcy petition is filed *after* the order of payment is entered in the garnishment proceedings, and if the wages that were paid over became subject to the execution lien within 90 days of the bankruptcy filing, an individual debtor may (to the extent of his available exemptions) claim the funds paid over as exempt and avoid the transfer under Sec. 522(g), provided the other requirements of that section are met and none of the preference defenses apply. The wages become subject to the execution lien on the later of the date the debtor earns them or the date the garnishment summons is served on the employer.

*In re Wilkinson*, 196 B.R. at 323. Here, with the exception of the amount of $576.50, all of the wages were earned by the Debtor within the 90 days preceding the bankruptcy filing. Accordingly, they are subject to avoidance under Sections 522(h) and 547(b) of the Code.

Tidewater Finance argues that "transferees of property during the 90 days before the commencement of a case have defenses available to them under § 547(c) and, as in this case, an additional defense where a debtor fails to properly claim an exemption in the property transferred." Tidewater Finance Reply Mem., p. 3. As to the latter point, the failure to actually claim the exemption is not fatal to the Plaintiff's avoidance claim, under *Botkin*. Further, the time to claim any affirmative defenses under Section 547(c) (new value, ordinary course of business, etc.) was in opposition to the Plaintiff's summary judgment motion, not as a vague reference to potentially available defenses in the Defendant's Reply Memorandum. In short, the Plaintiff has carried her burden of proof on the preference claim, and the Defendant has failed to set forth with specificity any material facts that would give rise to a defense to a preference claim under Section 547(c). The Court will grant summary judgment for the Plaintiff.

**III.    The Creditor's Actions Were a Willful Violation of the Automatic Stay.**

Bankruptcy Code Section 362(a)(1) bars:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the case under [the Bankruptcy Code].

11 U.S.C. § 362(a)(1).  Similarly, Bankruptcy Code Section 362(a)(5) prohibits "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title."  11 U.S.C. § 362(a)(5).

>   Regarding the automatic stay, the Fourth Circuit has noted:
>
>   The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.  It gives the debtor a breathing spell from its creditors.  It stops all collection efforts, all harassment, and all foreclosure actions.  It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

*Grady v. A.H. Robins Co.,* 839 F.2d 198, 200 (4th Cir. 1988) (quoting H.R. Rep. No. 95-595, at 340-41 (1977); S. Rep. No. 95-989, at 54-55 (1978), *reprinted in* U.S.C.C.A.N. 5787, 5840 & 6296-97)).  Congress intended that the definition of "claim" in the Code be as broad as possible.  *Id.*

If an individual is injured by a willful violation of the automatic stay, Section 362(k)(1) of the Bankruptcy Code provides that the individual "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. § 362(k)(1).

To constitute willfulness, the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay.  *Budget Serv. Co. v. Better Homes*, 804 F.2d 289, 292–93 (4th Cir. 1986); *Gordon Props., LLC v. First Owners Ass'n of Forty Six Hundred (In re Gordon Props., LLC ),* 460 B.R. 681, 190 (Bankr. E.D. Va. 2011).  Here, Tidewater Finance unquestionably was on notice of the filing of the Debtor's bankruptcy case, prior to its appearance before the General District Court on November 15, 2011.  On November 1, 2011, the Debtor filed a Motion to Quash the garnishment summons in this Court,

11

which her counsel mailed to Tidewater Finance. Bankr. Case No. 11-17803, Docket No. 8. Exhibit A to the Stipulated Facts, which is an e-mail from Tidewater's counsel to the Debtor's counsel dated November 11, 2011, clearly indicates that a bankruptcy had been filed. Docket No. 27, Ex. A ("Tidewater was garnishing your client's wages when she filed bankruptcy, and the return date on the garnishment is November 15, 2011, in the Prince William General District Court.") Tidewater Finance does not argue that it was unaware of the bankruptcy filing, as of November 15, 2011.

Tidewater argues: "Tidewater did not continue the collection action after Brugueras commenced this case." Tidewater Reply Mem., p. 2. But, it plainly did. It appeared in State Court on November 15, 2011, obtained an Order of Payment and received the Debtor's property pursuant to the Order of Payment. This was a violation of the automatic stay. 11 U.S.C. § 362(a)(1) & (5). Further, it was intentional, within the meaning of the foregoing authorities. Tidewater's argument that, as of the filing, the property was no longer the Debtor's, is simply wrong, for the reasons already stated. There was no "transfer" of the Debtor's property to Tidewater prior to the Order of Payment. Specifically, there *was* a transfer as defined in Section 101(54)(A) of the Bankruptcy Code, in that there was "the creation of a lien," which transfer is avoidable under Section 547(b). There was not, though, a transfer in the sense that Tidewater Finance uses the term, i.e., an absolute transfer that divested the Debtor of her rights in the property. For the foregoing reasons, the Court finds that Tidewater Finances' actions constituted a willful violation of the automatic stay. The Court will award the Plaintiff her attorney's fees and costs pursuant to 11 U.S.C. § 362(k)(1).

Under Section 362(k)(1), "an award of punitive damages is within the discretion of the trial court and proper only in appropriate circumstances." *In re Gallo,* 2012 WL 3930320 at *3

(Bankr. M.D. N.C. 2012) (citing *Davis v. IRS*, 136 B.R. 414, 423 n.20 (E.D. Va. 1992)).

"Appropriate circumstances ordinarily are those in which the creditor has demonstrated egregious, vindictive or intentional misconduct." *Id.*; *see also In re Seaton*, 462 B.R. at 595. The Court does not find there to be egregious circumstances in this case. The Court will not award punitive damages.

### IV.    The Court will Award Attorney's Fees and Costs, but in a Reduced Amount.

The Plaintiff's counsel has submitted an Affidavit of Attorney's Fees, claiming a total of $6,266.74. The Plaintiff's Statement of Attorney's Fees and Costs includes: (a) 4.0 hrs. travel time to Alexandria (from Roanoke, Virginia); (b) $150 for lodging at the L'Orien Hotel in Alexandria; (c) 4.0 hrs. travel time (return to Roanoke). Under no circumstances would the Court allow these fees and costs in this matter, a relatively simple consumer dispute involving the garnishment of roughly $3,000 in wages.

More fundamentally, the Court must view the Plaintiff's fee request with regard to the twelve factors identified in *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974):

> (1)the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's Inc.,* 577 F.2d 216, 226 & n.28 (4th Cir. 1978). The most important factor, in this case, is the amount in controversy and the results obtained. The instant case was a dispute over $3,074.64 in garnished wages. The Court will award the Plaintiff $1,500 in fees. The Debtor did not pay a filing fee for the adversary proceeding, so no costs will be allowed.

**Conclusion**

For the foregoing reasons, the Court will enter Judgment against the Defendant as follows:

A. Judgment will be entered for the Plaintiff and against the Defendant pursuant to 11 U.S.C. § 522(f)(1) in the amount of $3,036.20, representing the $3,074.64 garnished wages, less the $38.44 previously refunded to the Plaintiff;

B. Judgment will be entered for the Plaintiff and against the Defendant in the amount of $2,459.70 representing the $3,074.64 garnished wages, less the $38.44 previously refunded to the Plaintiff, and less the $576.50 in wages that were outside the 90 day preference period, pursuant to 11 U.S.C. §§ 522(h) and 547(b);[3]

C. Judgment will be entered for the Plaintiff and against the Defendant in the amount of $1,500 in attorney's fees, pursuant to 11 U.S.C. § 362(k)(1).

A separate Order shall issue.

Date: _____   _____
                                      Brian F. Kenney
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Marilyn Elaine Brugueras
13925 Longwood Manor Ct.
Apt. 302
Woodbridge, VA 22191
Plaintiff

---

[3] This amount is included within the amount awarded under Section 522(f), the $3,036.20, not in addition to that amount. The Plaintiff is not entitled to a double recovery.

Gary M. Bowman, Esq.
2728 Colonial Avenue, Suite 100
Roanoke, VA 24015
Counsel for the Plaintiff

James R. Sheeran, Esq.
Tidewater Finance Company
P.O. Box 13306
Chesapeake, VA 23325
Counsel for the Defendant